On motion to dismiss appeal. Motion overruled May 11, 1926, argued March 31, affirmed April 26, 1927.

## H. L. EKERSON *v.* JOSEPHINE EKERSON.

(245 Pac. 1086; 255 Pac. 480.)

**Divorce—Notice of Appeal in Divorce Suit Containing Title of Cause and Names of Parties, and Notifying Defendant by Name That Plaintiff Appealed to Supreme Court from "All Orders, Judgments, and Decrees" Rendered by Circuit Court, Held Sufficient (Or. L., § 550).**

1. Notice of appeal in divorce suit containing title of cause and names of parties, and notifying defendant by name that plaintiff appealed to Supreme Court from "all orders, judgments, and decrees" rendered by Circuit Court, *held* sufficient under Section 550, Or. L., since such description includes final decree, from which alone appeal could have been taken, and date of judgment need not be specified.

**Appeal and Error.**

2. Language descriptive of any order not appealable may be rejected from notice of appeal as surplusage.

ON THE MERITS.

**Pleading—Pleadings must Allege Facts, not Mere Conclusions.**

3. Pleadings must contain allegations of fact and not mere conclusions of pleader to prevail against demurrer.

---

3. See 21 R. C. L. 440.

Divorce—Husband Who Told Wife He Ceased to Care for Her and
    Called Her "Whore" Held Guilty of "Cruel and Inhuman Treat-
    ment" Warranting Divorce.

4. Husband's conduct in calling wife "whore," accusing her of
promiscuous infidelity, and stating he ceased to care for her *held*
to constitute cruel and inhuman treatment warranting decree of
divorce.

Appeal and Error, 3 C. J., p. 1225, n. 48, 53, p. 1226, n. 57.
Divorce, 19 C. J., p. 51, n. 67, p. 53, n. 98, p. 110, n. 47.
Pleading, 31 Cyc., p. 50, n. 69, p. 281, n. 6.

From Marion: L. H. McMAHAN, Judge.

In Banc.

MOTION TO DISMISS APPEAL OVERRULED.

For the motion, *Mr. Guy O. Smith.*

*Contra, Mr. J. F. Clark.*

PER CURIAM.—1. On the twenty-fifth day of Sep-
tember, 1925, the plaintiff filed a suit for divorce.
On the sixth day of October, 1925, the defendant filed
a general demurrer, the disposal of which does not
appear in the record. On the same date the defend-
ant filed an affidavit asking for attorney's fees and
support *pendente lite,* which was contested by plain-
tiff. On the fourth day of December, 1925, the de-
fendant filed an answer and cross-complaint asking
for a divorce against the plaintiff. On the twenty-
sixth day of January, 1926, the court, after having
heard the argument of counsel, made an order requir-
ing the plaintiff to pay the sum of $75 attorney's fees.
On the twenty-seventh day of January, 1926, the court
made findings of fact in favor of the defendant, on her
cross-complaint, claiming she was entitled to a di-

4. Charge of adultery as cruelty, see notes in 18 L. R. A. (N. S.)
303; 34 L. R. A. (N. S.) 360.

vorce, and requiring the plaintiff to contribute the sum of $50 per month to her support and maintenance and to pay the costs and disbursements. On the twenty-ninth day of January, plaintiff filed and served upon the defendant a notice of appeal, which was signed by appellant's attorney and reads as follows:

"In the Circuit Court of the State of Oregon for the County of Marion.
"H. L. Ekerson, Plaintiff,
            vs.
"Josephine Ekerson, Defendant.
                    "Notice of Appeal.
    "Comes now the plaintiff, H. L. Ekerson, in the above entitled cause and gives notice to the defendant, Josephine Ekerson, that he hereby appeals from all orders, judgment and decrees rendered by the above-entitled Court in the above-entitled cause and appeals from the whole thereof to the Supreme Court of the State of Oregon."

The respondent moves to dismiss the appeal on the ground that the notice does not sufficiently describe the decree appealed from. It is provided in Section 550, Or. L.:

    "Such notice shall be sufficient if it contains the title of the cause, the names of the parties and notifies the adverse party or his attorney that an appeal is taken to the supreme or circuit court, as the case may be, from the judgment, order or decree, or some specified part thereof."

2. Comparing the instant notice with the statute, we find that it contains the title of the cause and the names of the parties and it notifies the defendant by name that the plaintiff appeals to the Supreme Court. The question then is as to the description of the judgment. It is said, indeed, that the appeal is taken

from "all orders, judgments and decrees rendered by the above entitled court in the above entitled cause." On the principle that the greater includes the less, this description certainly does include the final decree in the instant suit from which alone the appeal can be taken. All the language descriptive of any order not appealable may be rejected as surplusage. The statute does not require the date of the judgment to be specified. In the instant notice we have every element required by the statute as above quoted, and it is therefore sufficient within the doctrine of *Lee* v. *Gram,* 105 Or. 49 (196 Pac. 373).

The motion to dismiss is overruled.

                              MOTION OVERRULED.

———

ON THE MERITS.

                                    AFFIRMED.

For appellant there was a brief and oral argument by *Mr. J. F. Clark.*

For respondent there was a brief and oral argument by *Mr. Guy O. Smith.*

BELT, J.—3. This is a divorce suit in which no children or property rights are involved. No transcript of evidence has been filed and the only question presented for consideration on this appeal is that of pleading. We do not deem it proper to take up space in the reports by setting out *in haec verba,* the complaint, but suffice it to say that, in our opinion, when tested by demurrer, it is insufficient. Facts should be alleged and not conclusions of the pleader. The trial

court properly sustained a demurrer to the complaint. Plaintiff refused to plead further, but, before suit was dismissed, the defendant filed her cross-complaint, praying for divorce on the ground of cruel and inhuman treatment. Plaintiff made no further appearance except to file an affidavit opposing defendant's motion asking for alimony and attorney's fees.

4. Plaintiff urges that the cross-complaint fails to state facts sufficient to constitute a cause of suit, but in this contention we cannot agree. Defendant alleges, among other things, that plaintiff called her "Damn fool; whore; and stated that he did not care for her any more; that he had lost his affection for her; that he was a damn fool for marrying her; that she did not amount to anything and never would; that she was whoring around; that her only purpose in seeking employment in the restaurant was that she might be able to lead an indecent life and carnally associate with other men." If the above allegations do not constitute cruel and inhuman treatment, it is difficult to conceive of any that would. Citation of authorities to support this conclusion is not deemed necessary.

The decree of the trial court awarding defendant a divorce upon her cross-complaint and directing that plaintiff pay the sum of $50 per month for her support and maintenance is affirmed.          AFFIRMED.

BURNETT, C. J., and BEAN and BROWN, JJ., concur.